

FILED by MG   D.C.

ELECTRONIC

**Sept. 30, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. ___**09-CV-22937-Moore/Simonton**___

MAXI PAULUS RATUNUMAN

        Plaintiff,

v.

CAPTAIN ANTONIO SANCHEZ,
OFFICER RAIMUNDO ATESIANO,
THE VILLAGE OF BISCAYNE PARK,
and RUHAMA BUNE CANALES,

        Defendants.

_____/

**<u>NOTICE OF REMOVAL</u>**

     COMES NOW the Defendant, VILLAGE OF BISCAYNE PARK, by and through its undersigned attorneys, and pursuant to 28 U.S.C. §1446, removes this action from the 11th Judicial Circuit in and for Miami-Dade County, State of Florida, and states:

     1.    In an Amended Complaint, Plaintiff has made claims under 42 USC §1983 for alleged violations of his federal constitutional rights.

     2.    The case stated by Plaintiff's initial Complaint was not removable. The case became removable on September 21, 2009, when the state court from which this case is removed entered an Order granting Plaintiff's motion to amend the complaint and deeming the Amended Complaint filed as of that date.

3.      Pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), this Court has original jurisdiction over this action, as this action presents a "federal question" and seeks to redress alleged deprivations of the Plaintiff's civil rights.

4.      Pursuant to 28 U.S.C. §1441(a) and (b) and §1443, this action is removable to this Court.

5.      All Defendants named in the style of this case have been served with process. The undersigned counsel for Defendant, Village of Biscayne Park, has conferred with counsel for all other Defendants and is authorized to advise this Court that all remaining Defendants– Captain Antonio Sanchez, Officer Raimundo Atesiano, and Bune Ruhama (sic) Canellis– agree and consent to the removal of this action to this Court.

6.      A copy of the Amended Complaint and the state court's September 21, 2009 order permitting the Amended Complaint and deeming same filed are attached to this Notice and made parts as Exhibits "A" and "B", respectively, in accordance with 28 U.S.C. §1446(a). Defendant is compiling all pleadings and orders which preceded the Amended Complaint and will file same with this Court forthwith.

7.      Defendant has given notice of this removal to all adverse parties and has filed notice to that effect with the clerk of the state court, in accordance with 28 U.S.C. §1446(d).

Maxi Ratunuman v. Village of Biscayne Park, et al

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 30th  day of September, 2009, the foregoing was

sent via U.S. Mail to all counsel on the attached service list.

MICHAEL R. PIPER
Florida Bar Number: 710105
Piper@jambg.com
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCMAN, P.A.
2455 East Sunrise Blvd., 10th Floor
Fort Lauderdale, FL 33304
(954) 463-0100 (telephone)
(954) 463-2444 (facsimile)
Attorneys for Defendant, Village of Biscayne Park

Maxi Ratunuman v. Village of Biscayne Park, et al

# SERVICE LIST

**Gary Hellman, Esquire**
Goldman & Hellman., Attorneys for Plaintiff
800 Southeast 3rd Avenue., 4th Floor
Fort Lauderdale, Florida 33316
Telephone.:     (954) 356-0460
Facsimile.:     (954) 832-0878

---

**Robin A. Hellman, Esquire**
Robin A. Hellman, P.A., Co-Counsel for Plaintiff
12000 N.E. 8th Avenue
North Miami, Florida 33161
Telephone: (954) 983-8474
Facsimile:   (954) 206-0332

---

**Michael R. Piper, Esquire**
Johnson, Anselmo, Murdoch,
Burke, Piper & Hochman, P.A., Attorneys for Defendant, Village of Biscayne Park
2455 East Sunrise Boulevard., Suite 1000
Fort Lauderdale, Florida 33304
Telephone.:     (954) 463-0100
Facsimile.:     (954) 463-2444

---

**Robert J. Fiore, Esquire**
Robert J. Fiore, P.A., Attorneys for Defendant, Ruhama Bune Canales
150 West Flagler Street
Museum Tower, Penthouse II 2900
Miami, Florida 33130
Telephone.:     (305) 358-4011
Facsimile.:     (305) 358-4019

---

Maxi Ratunuman v. Village of Biscayne Park, et al

**Benjamine Reid, Esquire**
Carlton Fields, P.A., Co-Counsel for Defendant, Ruhama Bune Canales
100 S.E. 2nd Street., Suite 4000
Miami, Florida 33131
Telephone:     (305) 530-0050
Facsimile.:     (305) 530-0055

---

**Stephanie Deutsch, Esquire**
Lewis Stroud Deutsch, P.L., Attorneys for Defendant, Officer Raimundo Atesiano
1900 Glades Road.,Suite 251
Boca Raton, Florida 33431
Telephone.:     (561) 826-2800
Facsimile.:     (561) 826-2828

---

**Oscar E. Marrero, Esquire**
Law Offices of Oscar E. Marrero., Attorneys for Defendant, Captain Antonio Sanchez
Douglas Centre, Penthouse 4
2600 Douglas Road
Coral Gables, Florida 33134
Telephone.:     (305) 446-5528
Facsimile.:     (305) 446-0995

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

MAXI PAULUS RATUNUMAN,                    CASE NO: 09-45205 CA 05

      Plaintiff,

Vs

CAPTAIN ANTONIO SANCHEZ,
OFFICER RAIMUNDO ATESIANO,
THE VILLAGE OF BISCAYNE PARK
POLICE DEPARTMENT,FATHER ALBERTO CUTIE,
And RUHAMA BUNE CANALES,

      Defendants.

_____/

## MOTION FOR LEAVE TO AMEND COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, MAXI

PAULUS RATUNUMAN and pursuant to the Florida Rules of Civil Procedure, moves

this Court for leave to amend his Complaint and as grounds therefore, respectfully

represents:

      1.     In his original Complaint, the Plaintiff seeks damages for an illegal arrest,

detention and prosecution.

      2.     Since the filing of the Complaint, additional information has become

available revealing additional causes of action.  Also, the Defendant, VILLAGE OF

BISCAYNE PARK, has asserted certain technical deficiencies in the original complaint,

which Plaintiff now seeks to cure in the Amended Complaint.



EXHIBIT
"A."

3.     As a consequence, the Plaintiff seeks to amend his original Complaint to properly plead all causes of action against the Defendants. A copy of the proposed Amended Complaint is attached hereto and made a part hereof as Exhibit "A".

4.     The proposed amendment will not prejudice any of the parties herein and this matter is currently not on the trial docket. Failure to grant the Motion to Amend, will, however, will severely prejudice the Plaintiff's case.

WHEREFORE, Plaintiff, MAXI PAULUS RATUNUMAN, prays that an order issue granting leave to file the attached Amended Complaint.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the above and foregoing was furnished by facsimile and U.S. Mail this _13_ day of July, 2009 to: Michael R. Piper, Esq., Johnson, Anselmo, Murdoch, Piper & Hochman, P.A., 2455 E. Sunrise Blvd., Suite 1000 Ft. Lauderdale, Florida 33304 and Robert J. Fiore, Museum Tower, PH II -2900, 150 W. Flagler Street, Miami, Florida 33130.

GOLDMAN & HELLMAN
*Attorneys for Plaintiff*
800 Southeast Third Avenue
Fourth Floor
Fort Lauderdale, Florida 33316
Telephone: (954) 356-0460
Telecopier: (954) 832-0878

BY: _____
GARY M. HELLMAN
Florida Bar # 869244

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY FLORIDA

MAXI PAULUS RATUNUMAN,        CASE NO: 09-45205 CA 05

      Plaintiff,

vs.

CAPTAIN ANTONIO SANCHEZ,
OFFICER RAIMUNDO ATESIANO,
THE VILLAGE OF BISCAYNE PARK,
and BUNE RUHAMA CANELLIS,

      Defendants.

_____/

## AMENDED COMPLAINT

**COMES NOW**, the Plaintiff, MAXI PAULUS RATUNUMAN, by and through his undersigned legal counsels, and sues the Defendants, CAPTAIN ANTONIO SANCHEZ, OFFICER RAIMUNDO ATESIANO, THE VILLAGE OF BISCAYNE PARK and BUNE RUHAMA CANELLIS, for the following to wit:

### GENERAL ALLEGATIONS

1.    This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00) exclusive of costs and interest and thus within the jurisdictional limits of this Court.

2.    At all times material hereto, Plaintiff MAXI PAULUS RATUNUMAN, (hereinafter referred to as "PLAINTIFF"), was and is a person of the full age of majority and a resident of Miami-Dade County, Florida and otherwise *sui juris*.

3.    At all times material hereto, Defendant CAPTAIN ANTONIO SANCHEZ (hereinafter referred to as "SANCHEZ") was and is a person of the full age of majority and upon information and belief a resident of Miami-Dade County and employed by the Village of Biscayne Park.

4.    At all times material hereto, Defendant OFFICER RAIMUNDO ATESIANO (hereinafter referred to as "ATESIANO") was and is a person of the full age of majority

and upon information and belief a resident of Miami-Dade County and employed by the Village of Biscayne Park.

5.     At all times material hereto, Defendant VILLAGE OF BISCAYNE PARK (hereinafter referred to as "THE VILLAGE") was and is a municipality organized under the laws under the State of Florida and was and is the public employer of Defendants SANCHEZ and ATESIANO.

6.     At all times material hereto, Defendant RUHAMA BUNE CANELLIS (hereinafter referred to as "CANELLIS") was and is a person over the age of majority and by knowledge and belief, a resident of Miami-Dade County, Florida.

7.     On June 6, 2009 Defendant SANCHEZ, on his day off from work as Captain of the Biscayne Park Police Department, came to the Village of Biscayne Park with the aforethought, intent and with unjust cause, to make an arrest of PLAINTIFF.

8.     Upon arrival into the Village of Biscayne Park, SANCHEZ, on the Municipal Frequencies, called for back-up to whichever Biscayne Park Police officer that was currently on duty.

9.     Said police officer, per direct order from Defendant SANCHEZ, met Defendant SANCHEZ at a residence located at 11123 Griffing Boulevard, Biscayne Park, Florida.

10.    Upon exiting his police vehicle, Defendant SANCHEZ approached the PLAINTIFF who was in his parked vehicle in the driveway of the residence. Defendant SANCHEZ approached Plaintiff, gun drawn, and began screaming at PLAINTIFF for trespassing on the property. SANCHEZ then violently and without just cause physically removed PLAINTIFF from his parked vehicle.

11.    PLAINTIFF advised both officers on the scene that he was not trespassing, that he was doing tile work with the permission of the home owner and that PLAINTIFF occasionally resided at said residence. PLAINTIFF even presented to Defendant SANCHEZ pieces of U.S. mail reflecting that he resided at the address.

12.    Defendant SANCHEZ refused to acknowledge said proof of residence and ordered that PLAINTIFF be detained and transported to the police station for further questioning.

13.   Defendant SANCHEZ never advised the PLAINTIFF his Miranda Rights but nonetheless continued to interrogate the PLAINTIFF. PLAINTIFF was subsequently transported to the jail facility.

14.   Defendant SANCHEZ requested that the officer present at the scene execute the Complaint/Arrest Affidavit with language dictated by Defendant SANCHEZ. Said officer refused to sign and attest to the Complaint/Arrest Affidavit as the contents thereof as dictated by Defendant SANCHEZ were fraudulent and untrue.

15.   Said Complaint/Arrest Affidavit as dictated by Defendant SANCHEZ reflected several inaccuracies, untruths and fraudulent assertions, to wit: (a) the Affidavit states that the arrest took place on N.E. 111th Street and Griffing Blvd, roadside; (b) the Affidavit further states that several complaints were made to the police department by area residents; (c) the Affidavit states that the residence located at 11123 Griffing Boulevard was unoccupied; (d) the Affidavit states that PLAINTIFF pulled his truck out of the property and a traffic stop was initiated; (e) the Affidavit states that PLAINTIFF herein was unable to establish why he was on the property; and (f) the Affidavit states that PLAINTIFF herein "could not provide any paperwork or proof that he had permission to be on the listed property." A copy of said Complaint/Arrest Affidavit is attached hereto as Exhibit "A".

16.   Since the other officer on the scene did not sign the Complaint/Arrest Affidavit, Defendant SANCHEZ later ordered Defendant ATESIANO to sign the Complaint /Arrest Affidavit thereby swearing that the Complaint/Arrest Affidavit was true and correct. Defendant ATESIANO signed same despite not being at the scene and despite being totally unacquainted with any of the attestations made therein.

17.   Having never been read his Miranda rights, PLAINTIFF herein was detained and transported to jail.

18.   Additionally, PLAINTIFF herein was cited for (3) violations, to wit: (a) a citation for an expired Florida driver's license; (b) a citation for crossing/driving over the median on a divided highway; and (c) a citation for no proof of insurance. Copies of said citations are attached hereto as Exhibit "B".

19.   PLAINTIFF herein is the ex-boyfriend of the Defendant CANELLIS with whom he lived for three (3) years. During that time, the parties lived together in a residence in

Biscayne Park, Florida for which PLAINTIFF paid all mortgage payments, performed extensive renovations and further, took care of Defendant CANELLIS's minor child. Both PLAINTIFF and Defendant CANELLIS planned to be married and have children until such time as Defendant CANELLIS began cheating on PLAINTIFF with Father Alberto Cutie.

20.     Defendant CANELLIS had on many occasions promised PLAINTIFF to reimburse him for all mortgage payments made on said shared residence as well as repayment for his reconstruction/remodeling of said home. Despite repeated requests, Defendant CANELLIS reneged on her promises and has failed and refused to reimburse the PLAINTIFF.

21.     Defendant SANCHEZ befriended Defendant CANELLIS, who instigated and conspired in the aforementioned unwarranted arrest and detention of the PLAINTIFF. Said unlawful arrest and detention was committed by SANCHEZ at the behest, urging and for benefit of CANELLIS and Father Alberto Cutie.

## COUNT I
## MALICIOUS PROSECUTION
### (AS TO DEFENDANTS SANCHEZ, ATESIANO and CANELLIS)

22.     PLAINTIFF reallages and reaffirms each and every allegation contained in paragraphs 1-21 as though fully set forth herein.

23.     The Defendants unlawfully and without probable cause instituted criminal proceedings against PLAINTIFF.

24.     The Complaint/Arrest Affidavit is fraudulent in nature and issued with malice and bad intent on the part of the Defendants.

25.     Defendants misused the legal machinery for improper purposes thereby injuring and damaging the PLAINTIFF.

26.     There was a bona fide termination of the criminal charges in favor of the PLAINTIFF.

27.     As a direct and proximate result of the foregoing acts of Defendants, the PLAINTIFF has and will continue to suffer great mental anguish, loss of income and

earning capacity and incurred attorney's fees and costs for having to defend the spurious criminal charges.

WHEREFORE, PLAINTIFF prays for judgment against Defendants, SANCHEZ, ATESIANO and CANELLIS for damages, including attorney's fees, prejudgment interest and all costs of these proceedings and demands a trial by jury of all issues so triable.

## COUNT II
## FALSE ARREST/IMPRISONMENT

28.    PLAINTIFF reallages and reaffirms each and every allegation contained in paragraphs 1-21 as though fully set forth herein.

29.    The aforementioned officers unlawfully and with malice restrained, arrested and confined PLAINTIFF against his will without color of authority.  The detention was unreasonable and unwarranted under the circumstances and was committed with the intention to cause PLAINTIFF's confinement or with the substantial certainty that his confinement would result.

30.    As a direct and proximate result of the foregoing acts of the Defendants, the PLAINTIFF sustained serious and permanent injury to his entire body, suffered and will in the future suffer great mental anguish because of the deprivation of his liberty, injury to his reputation, embarrassment, humiliation, loss of income and earning capacity and incurred attorney's fees and costs for having to defend the spurious of criminal charges.

WHEREFORE, PLAINTIFF prays for judgment against Defendants herein for damages, including attorney's fees, prejudgment interest and all costs of these proceedings and demands a trial by jury of all issues so triable.

## COUNT III
## ABUSE OF PROCESS

31.    PLAINTIFF reallages and reaffirms each and every allegation contained in paragraphs 1-21 as though fully set forth herein.

32. The Defendants willfully and intentionally misused the criminal legal process for some ulterior and unlawful object or collateral purpose which was unwarranted and unauthorized.

33. As a direct and proximate result of the foregoing acts and/or omissions of Defendants, the PLAINTIFF sustained serious and permanent injury to his entire body, suffered and will in the future suffer great mental anguish because of the deprivation of his liberty, injury to his reputation, embarrassment, humiliation, loss of income and earning capacity and incurred attorney's fees and costs for having to defend the spurious of criminal charges.

WHEREFORE, PLAINTIFF prays for judgment against the Defendants for damages, including attorney's fees, prejudgment interest and all costs these proceedings and demands a trial by jury of all issues so triable.

## COUNT IV
### NEGLIGENT HIRING AND RETENTION
### (AS TO DEFENDANT VILLAGE OF BISCAYNE PARK)

34. PLAINTIFF reallages and reaffirms each and every allegation contained in paragraphs 1-21 as though fully set forth herein.

35. The Defendant, THE VILLAGE, owed a duty to all of its citizens and to the PLAINTIFF to properly hire, train and supervise its employees as to the proper and constitutional execution of their duties as police officers.

36. THE VILLAGE breached its duty of care to PLAINTIFF by negligently hiring, training and retaining the Defendants, SANCHEZ and ATESIANO.

37. The Defendant, THE VILLAGE, was negligent in the hiring, training and retention of the Defendants SANCHEZ and ATESIANO, which negligence included, but is not limited to, the following acts and or omissions:

      a.    failure to use due care in checking and screening its potential officers' background, references, skills and abilities;

      b.    failure to hire officers with the requisite training skills and background;

c.      failure to properly train its officers in the proper execution of their duties;

d.      failure to properly supervise and monitor its officers to ensure they are properly executing their duties;

e.      failure to continue retraining its officers who have failed to comply with operating procedures and policies and fail to protect the constitutional rights of citizens.

38.    The Defendant, THE VILLAGE, knew or should have known that the Defendants, SANCHEZ and ATESIANO, lacked the requisite credentials, training, skills and background to properly and faithfully execute their duties as police officers.

39.    As a direct and proximate result of the foregoing acts and/or omissions of the Defendant, the PLAINTIFF sustained serious and permanent injuries to his entire body, suffered and will in the future continue to suffer great mental anguish because of the deprivation of his liberty, injury to his reputation, embarrassment, humiliation, loss of income and earning capacity, and incurred attorney's fees and costs for having to defend spurious criminal charges.

WHEREFORE, PLAINTIFF prays for judgment against the Defendant, THE VILLAGE, for damages, including attorney's fees, prejudgment interest and all costs of these proceedings and demands a trail by jury on all issues so triable.

## COUNT V
## VIOLATION OF CONSTITUTIONAL RIGHTS
### (AS TO DEFENDANTS SANCHEZ and ATESIANO)

40.    PLAINTIFF realleges and reaffirms each and every allegation contained in paragraphs 1-21 as though fully set forth herein.

41.    This is a cause of action pursuant to 42 U.S.C. §1983.

42.    The Defendants, SANCHEZ and ATESIANO, violated and deprived the PLAINTIFF of his constitutional rights.   Specifically, the Defendants violated the PLAINTIFF's right pursuant to the Fourth Amendment of the Constitution of the United States to be free from illegal seizure; the PLAINTIFF's right to be free from police harassment and intimidation as provided in the Fifth and Sixth Amendments of the

Constitution of the United States; and the PLAINTIFF's right to be free from malicious prosecution, malicious abuse of process and unlawful seizure as provided by the Fourth and Fourteenth amendment to the Constitution of the United States.

43.    As a direct and proximate result of the foregoing acts and/or omissions on the part of the Defendants, the PLAINTIFF sustained serious and permanent injuries to his entire body, suffered and will in the future continue to suffer great mental anguish because of the deprivation of his liberty, injury to his reputation, embarrassment, humiliation, loss of income and earning capacity, and incurred attorney's fees and costs for having to defend spurious criminal charges.

WHEREFORE, PLAINTIFF prays for judgment against the Defendants, SANCHEZ and ATESIANO, for all damages allowable by statute, including attorney's fees, prejudgment interest and all costs of these proceedings and demands a trial by jury on all issues so triable.

**COUNT VI**
**BREACH OF CONTRACT**
**(AS TO DEFENDANT CANELLIS)**

44.    PLAINTIFF, realleges and reaffirms each and every allegation contained in paragraphs 1-21 as though fully set forth herein.

45.    The Defendant, CANELLIS, and the PLAINTIFF resided together for over three years.   During said period, PLAINTIFF paid Defendant's mortgage payments on the residence owned by the Defendant and occupied by the parties.   In addition, PLAINTIFF expended monies remodeling said residence and paid for the care and upbringing of Defendant's minor child.

46.    Defendant, CANELLIS, promised to recompense PLAINTIFF for all monies put into said residence for mortgage payments, remodeling and the like, as well as funds expended on the care of her minor child.

47.    Upon meeting and becoming emotionally and sexually involved with Father Alberto Cutie, Defendant CANELLIS still maintained her relationship with PLAINTIFF as she could not afford the residence on her own, still promising PLAINTIFF repayment of all the foregoing expenditures.

48.     Eventually, the PLAINTIFF ended the relationship and left the premises. Despite repeated demands, the Defendant has failed and refused to repay the sums as promised. In fact, Defendant CANELLIS, threatened the PLAINTIFF with criminal proceedings.

49.     The Defendant, CANELLIS, breached her agreement with the PLAINTIFF to compensate him for all monies expended on her residence for mortgage payments, remodeling and the like, as well as funds expended on the care of her minor child.

WHEREFORE, PLAINTIFF prays for a judgment against the Defendant, CANELLIS, for damages for breach of contract including attorney's fees, pre-judgment interest and for all costs of these proceedings and demands a trial by jury of all issues so triable.

## COUNT VII
## UNJUST ENRICHMENT
### (AS TO DEFENDANT CANELLIS)

50.     PLAINTIFF reallages and reaffirms each and every allegation contained in paragraphs 1-21 as though fully set forth herein.

51.     Defendant, CANELLIS, has accordingly been unjustly enriched.

WHEREFORE, PLAINTIFF prays for a judgment against the Defendant, CANELLIS, for damages for unjust enrichment including attorney's fees, pre-judgment interest and for all costs of these proceedings and demands a trial by jury of all issues so triable.


RESPECTFULLY SUBMITTED:

ROBIN A. HELLMAN, P.A.                    GOLDMAN & HELLMAN
*Attorneys for Plaintiff*                 *Attorneys for Plaintiff*
12000 Northeast 8th Avenue                800 Southeast Third Avenue
1st Floor                                 Fourth Floor
Miami, Florida 33161                      Fort Lauderdale, Florida 33316
Telephone (954) 983-8474                  Telephone (954) 356-0460
Telecopier (954) 206-0332                 Telecopier (954) 832-0878

_____/                _____/
ROBIN A. HELLMAN                          GARY M. HELLMAN
Florida Bar No.: 0153087                  Florida Bar No.: 869244

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

MAXI PAULUS RATUNUMAN,            CASE NO: 09-45205 CA 05

      Plaintiff,

Vs

CAPTAIN ANTONIO SANCHEZ,
OFFICER RAIMUNDO ATESIANO,
THE VILLAGE OF BISCAYNE PARK
POLICE DEPARTMENT,FATHER ALBERTO CUTIE,
And RUHAMA BUNE CANALES,

      Defendants.

_____/

## MOTION TO COMPEL AND FOR SANCTIONS

NOW INTO COURT, through undersigned counsel, comes Plaintiff, MAXI
PAULUS RATUNUMAN and pursuant to the Florida Rules of Civil Procedure seeks an
order compelling discovery and for sanctions and as grounds therefore, respectfully
represents:

1.     In this lawsuit, the Plaintiff seeks recovery against the Defendants for malicious
prosecution and false arrest, among other causes of action.

2.     The Plaintiff noticed the taking of the video deposition duces tecum of the police
chief of the Defendant, The Village of Biscayne Park, Mitchell Glanzberg, to take place
on Wednesday, July 29, 2009.  The supboena duces tecum in connection therewith was
properly served on the police chief pursuant to Florida Rule of Civil Procedure 1.410(e).
Attached hereto made a part hereof as Exhibit "A" is a copy of the Notice of Taking
Video Deposition, the Subpoena Duces Tecum and the return of service showing valid
service upon Chief Glanzberg.

3.     The Defendant's police chief failed and refused to appear as scheduled. Attached
hereto and made a part hereof as Exhibit "B" is the certificate of non-appearance
evidencing Glanzberg's failure to appear as scheduled. Said failure to appear is without
substantial justification and is in violation of the subpoena duces tecum.

4.     Under the circumstances, Plaintiff desires and is entitled to an order compelling Chief Mitchell Glanzberg to appear at deposition on a date and time certain within ten (10) days of the date of the hearing of this motion and to properly produce the items in the subpoena duces tecum.  In addition, Plaintiff is entitled to attorney's fees and cost for the necessity of having to bring this motion.

WHEREFORE, Plaintiff prays that an order issue compelling Chief Mitchell Glanzberg to appear at deposition on a date and time certain within ten (10) days of the hearing of this motion and to properly respond to the subpoena duces tecum and for attorney's fees and costs associated with this motion.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the above and foregoing was furnished via facsimile and U.S. Mail this 29 day of July, 2009 to:  Michael R. Piper, Esq., Johnson, Anselmo, Murdoch, Piper & Hochman, P.A., 2455 E. Sunrise Blvd., Suite 1000 Ft. Lauderdale, Florida 33304 and Robert J. Fiore, Museum Tower, PH II -2900, 150 W. Flagler Street, Miami, Florida 33130.

GOLDMAN & HELLMAN
*Attorneys for Plaintiff*
800 Southeast Third Avenue
Fourth Floor
Fort Lauderdale, Florida 33316
Telephone (954) 356-0460
Telecopier: (954) 832-0878

BY: _____
GARY M. HELLMAN
Florida Bar No. 869244

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

MAXI PAULUS RATUNUMAN,                    CASE NO: 09-45205 CA 05

      Plaintiff,

vs

CAPTAIN ANTONIO SANCHEZ,
OFFICER RAIMUNDO ATESIANO,
THE VILLAGE OF BISCAYNE PARK
POLICE DEPARTMENT, FATHER ALBERTO CUTIE,
and RUHAMA BUNE CANALES,

      Defendants.

_____/

## AGREED ORDER

**THIS CAUSE** having come to be heard before the Court on Plaintiff's Motion to Amend the Complaint and the court, having been advised of the agreement of counsel and otherwise being fully informed in these premises, it is hereby:

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Amend the Complaint is hereby **GRANTED**; Plaintiff's Amended Complaint is hereby deemed filed into the record of this matter. Defendants' agreement is not intended and shall not be considered as any form of stipulation or concession as to the sufficiency of the Amended Complaint. Defendants shall not be prejudiced from filing further responses or Motions to Dismiss to the Amended Complaint and shall plead in response to the Amended Complaint as per Fla. R. Civ. Proc. 1.190(a).

**DONE AND ORDERED** in chambers at Miami-Dade County, Florida this ____ day of September, 2009.

_____
CIRCUIT COURT JUDGE

Copies furnished to:
All counsel of record

Conformed Copy
SEP 21 2009
*Marc Schumacher*
*Circuit Court Judge*

EXHIBIT
"B"

JS 44(Rev 12/96)

# CIVIL COVER SHEET

The JS 44 - 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM)

**1.(a) PLAINTIFFS**
Maxi Paulus Ratnunuman            .

**DEFENDANTS**
**Village of Biscayne Park, et al**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Miami-Dade

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Miami-Dade

**(c)** ATTORNEYS (FIRM NAME ADDRESS AND TELEPHONE NUMBER)

Gary M. Hellman, Esquire., Attorneys for Plaintiff
Goldman & Hellman
800 Southeast Third Avenue
Fourth Floor
Fort Lauderdale, Florida 33316
(954) 356-0460

See Attached for other Plaintiff's and Defendants' counsel.

ATTORNEYS (IF KNOWN)
**Michael R. Piper, ESQ.**
Johnson, Anselmo, Murdoch, Burke, Piper & Hochman, P.A.
Attorneys for Defendants, Village of Biscayne Park
2455 East Sunrise Boulevard, 10th Floor
Fort Lauderdale, Florida 33304
(954) 463-0100

*OGcv22937-KMM/AMS*

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

☐ 1 U S Government Plaintiff
☒ 3 **Federal Question** (US Government Not a Party)
☐ 2 U S Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN           (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 **Removed from State Court**
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 another district (specify)
Transferred from
☐ 6 Multidistrict Litigation
Appeal to District Judge from
☐ 7 Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **Personal Injury** | **Personal Injury** | B☐ 610 Agriculture | ☐ 422 Appeal 28USC 158 | ☐ 400 State Reappointments |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | B☐ 625 Drug Seizure of Prop. 21USC881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks, Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury | B☐ 630 Liquor Laws | | B☐ 450 Comm, ICC |
| ☐ 150 Recovery of Over payment & Enforce Judgment | ☐ 330 Federal Employees Liability | Product Liability | B☐ 640 R R & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **Personal Property** | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 RICO |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/ Commodities/Exchange |
| ☐ 153 Recovery of Over payment of Veterans Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholder Suit | ☐ 360 Other Personal Injury | ☐ 385 Prop Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA 1395 | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | | ☐ 862 Black Lung (923) | ☐ 892 Econ Stab Act |
| ☐ 195 Cont Product Liability | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor Mgmt Relations | ☐ 863 DIWC/DIWW/405g | ☐ 893 Environ mental Matters |
| **A REAL PROPERTY** | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/ Mgmt Reporting & Disclosure Act | ☐ 864 SSD Title XVI | ☐ 894 Energy Alloc Act |
| ☐ 210 Land Condemn | ☐ 442 Employment | **HABEAS CORPUS:** | | ☐ 865 RSI(405g) | ☐ 895 Freedom on Info Act |
| B☐ 220 Foreclosure | ☐ 443 Housing/ Accommodations | B☐ 530 General | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Deter- mination Under Equal Access to Justice |
| ☐ 230 Rent and Lease Ejectment | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | A☐ 870 Taxes(US Plaintiff of Defendant | |
| ☐ 240 Torts to Land | X 440 Other Civil Rights | B☐ 540 Mandamus&Other | A☐ 791 Empl Ret Inc Security Act | A☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality State Statute |
| ☐ 245 Tort Product Liability | | B☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | B☐ 555 Prison Condition | | | A OR B |

## VI. CAUSE OF ACTION (CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE

DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)   42 USC §1983; alleged false arrest.

LENGTH OF TRIAL:   4-5 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**   ☐ UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint   **JURY DEMAND:**   X YES   NO

## VIII. RELATED CASE(S) (See instructions) IF ANY

JUDGE:

DOCKET NUMBER:

DATE
**September 30, 2009**

SIGNATURE OF ATTORNEY OF RECORD
**Michael R. Piper, Esq., FBN 710105**

FOR OFFICE USE ONLY
RECEIPT NO.: 54767   AMOUNT 350.00   APPLYING IFP   JUDGE

# CIVIL COVER SHEET

**Co-Plaintiff's counsel**

**Robin A. Hellman, Esquire**
Robin A. Hellman, P.A.
12000 N.E. 8th Avenue
North Miami, Florida 33161
(954) 983-8474

**Co-defendant's counsel**

**Robert J. Fiore, Esquire**
Robert J. Fiore, P.A., Attorneys for Ruhama Bune Canales
150 West Flagler Street
Museum Tower, Penthouse II 2900
Miami, Florida 33130
(305) 358-4011

**Benjamine Reid, Esquire**
Carlton Fields, P.A.,Co-counsel for Ruhama Bune Canales
100 S.E. 2nd Street., Suite 4000
Miami, Florida 33131
(305) 530-0050

**Stephanie Deutsch, Esquire**
Lewis Stroud Deutsch, P.L., Attorneys for Officer
Raimundo Atesiano
1900 Glades Road., Suite 251
Boca Raton, Florida 33431
(561) 826-2800

**Oscar E. Marrero, Esquire**
Law Offices of Oscar E. Marrero., Attorneys for
Captain Antonio Sanchez
Douglas Centre, Penthouse 4
2600 Douglas Road
Coral Gables, Florida 33134
(305) 446-5528