UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22937-CIV-MOORE/SIMONTON

MAXI PAULUS RATUNUMAN,

    Plaintiff,

v.

CAPTAIN ANTONIO SANCHEZ,
et al.,

    Defendants.
_____/

### ORDER ON PLAINTIFF'S MOTION TO COMPEL AND DEFENDANT VILLAGE OF BISCAYNE PARK'S MOTION TO COMPEL PLAINTIFF'S DEPOSITION

Presently pending before the Court is Plaintiff's Motion to Compel Discovery (DE # 22). Defendant Village of Biscayne Park has filed a Response to that Motion (DE # 24) which includes a Motion to Compel Plaintiff's Deposition (DE # 24). The Plaintiff has filed a Reply to his own Motion to Compel and therein addresses the issues raised in the Defendant's Motion to Compel Plaintiff's Deposition (DE # 25). The Motions have been referred to the undersigned Magistrate Judge (DE # 4). Following a review of the record and for the reasons set forth below, Plaintiff's Motion to Compel (DE # 22) is GRANTED, in part and DENIED, in part. In addition, Defendant's Motion to Compel Plaintiff's Deposition is GRANTED (DE # 24) in part, and DENIED, in part.

    I. BACKGROUND

Plaintiff initiated this action in the Circuit Court of the 11th Judicial Circuit In and For Miami-Dade County, Florida seeking damages against the various Defendants for false arrest and imprisonment related to Plaintiff's arrest in June 2009. The Plaintiff subsequently filed an Amended Complaint asserting seven counts including a count alleging Violation of Constitutional Rights (Count V). Defendant Village of Biscayne Park

("Village") then removed the action to this Court pursuant to 28 U.S.C. § 1441(a) and (b) and § 1443 based upon Plaintiff's claim for Violations of Constitutional Rights pursuant to 28 U.S.C. § 1983.

## II. ANALYSIS

In the pending Motions, Plaintiff seeks to compel the deposition of the Village's Police Chief, Mitchell S. Glansberg, and the Defendant seeks to compel the deposition of the Plaintiff. To support their Motions, both Parties have set forth their respective versions of the proceedings in state court prior to the action being removed to this court. Specifically, Plaintiff alleges that he has attempted to schedule the deposition of Chief Glansberg on more than one occasion but states that the Village has refused to produce him prior to the Plaintiff being deposed. Defendant Village, on the other hand, asserts that on September 22, 2009, state court ordered that the Village did not have to produce Chief Glansberg for deposition until after the Plaintiff had been deposed. In his Reply, Plaintiff acknowledges that the state court ordered that the deposition of the Police Chief did not have to take place until after the deposition of the Plaintiff, but urges this Court to "nullify" the state court's order due to the Village's failure to schedule the Plaintiff's deposition within forty (40) days as required by that state court order.

The undersigned has reviewed the various submissions from the Parties, including the September 22, 2009 State Court Order. Based thereon, the undersigned orders that the Village shall be given two weeks from the date of this Order in which to schedule the deposition of the Plaintiff prior to being required to make Chief Glansberg available for deposition. Thereafter, upon the expiration of that two weeks, Plaintiff may seek to schedule Chief Glansberg for deposition. Further, Plaintiff's request that this Court nullify the State Court's September 22, 2009 Order is denied.

### III. CONCLUSION

Therefore, based upon the foregoing, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel (DE # 22) is **GRANTED, in part and DENIED, in part.** The Defendant Village of Biscayne Park shall make Chief Mitchell Glansberg available for deposition beginning two weeks from the date of this Order. All other relief requested in the Plaintiff's Motion is **DENIED**.

It is further

**ORDERED AND ADJUDGED** that Defendant Village's Motion to Compel (DE # 24) is **GRANTED**, in part and **DENIED,** in part. The Defendant may seek to schedule the deposition of the Plaintiff immediately upon the issuance of this Order. The Defendant's failure to timely schedule the deposition of the Plaintiff shall not relieve the Defendant Village of its obligation to make Chief Glansberg available for deposition beginning two weeks from the date of this Order.

It is further

**ORDERED AND ADJUDGED** that both Parties shall participate in good faith in the setting of the depositions to effectuate the intent of this Order and shall conduct themselves in a professional manner throughout the discovery process in this action.

**DONE AND ORDERED** in chambers in Miami, Florida on January 26, 2010.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:
The Honorable K. Michael Moore
    United States District Judge
All counsel of record