### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 09-22937-CIV-MOORE/SIMONTON**

**MAXI PAULUS RATUNUMAN,**

  **Plaintiff,**

**v.**

**CAPTAIN ANTONIO SANCHEZ,**
**et al.,**

  **Defendants.**

_____/

### ORDER ON PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY
### AND DEFENDANT RUHAMA BUNE CANELLIS' MOTION FOR
### PROTECTIVE ORDER AND STAY OF DISCOVERY

  **Presently pending before the Court are Plaintiff's Motions to Compel Discovery from Defendant Ruhama Bune Canellis (DE ## 61, 62), and Plaintiff's Motion to Compel Discovery from Defendant the Village of Biscayne Park (DE # 63).  Defendant Ruhama Bune Canellis has filed a Response to the Motions which included a Motion for Protective Order and/or to Stay Discovery (DE # 65).  The Motions have been referred to the undersigned Magistrate Judge (DE # 4).  A hearing was held on the Motions and for the reasons stated on the record at the hearing, the Plaintiff's Motion to Compel Discovery from Defendant Ruhama Bune Canellis (DE # 61) is GRANTED; the Plaintiff's Motion to Compel Discovery from Defendant Ruhama Bune Canellis (DE # 62) is GRANTED; the Plaintiff's Motion to Compel Discovery from the Defendant, the Village of Biscayne Park (DE # 63)  is DENIED, as MOOT; Defendant Ruhama Bune Canellis' Motion for a Protective Order (DE # 65) is DENIED; and, Defendant Ruhama Bune Canellis' (DE # 65) Motion to Stay Discovery is deferred, to be ruled on the Honorable K. Michael Moore.[1]**

---

  [1] **After the hearing, the Defendant Canellis filed an Emergency Motion for Protective Order and Stay of Discovery (DE # 67).**

I. <u>BACKGROUND</u>

Plaintiff initiated this action in the Circuit Court of the 11th Judicial Circuit In and For Miami-Dade County, Florida seeking damages against the various Defendants for false arrest and imprisonment related to Plaintiff's arrest in June 2009.  The Plaintiff subsequently filed an Amended Complaint asserting seven counts.  Count I alleged Malicious Prosecution against Defendant Sanchez, Atesiano and Canellis; Count II alleged False Arrest/Imprisonment against the Defendants and specifically referred to the Defendant Officers; Count III alleged Abuse of Process against all of the Defendants; Count IV alleged Negligent Hiring and Retention against Defendant Village of Biscayne Park; Count V alleged a violation of Plaintiff's Constitutional Rights against Defendant Sanchez and Atesiano; Count VI alleged Breach of Contract against Defendant Canellis; and Count VII alleged Unjust Enrichment against Defendant Canellis.  On September 30, 2009, Defendant Village of Biscayne Park ("Village") removed the action to this Court pursuant to 28 U.S.C. § 1441(a) and (b) and § 1443 based upon the Plaintiff's claim for Violations of Constitutional Rights brought pursuant to 28 U.S.C. § 1983.

After Defendant Ruhama Bune Canellis filed an Answer and Affirmative Defenses to the Amended Complaint (DE # 9), and the other Defendants filed Motions to dismiss, the Court issued a scheduling order in this matter setting a jury trial for August 16, 2010 and requiring that all discovery be completed seventy (70) days prior to trial or by June 7, 2010 (DE # 18).

On February 9, 2010, the Court issued an Order granting, in part and denying in part, the Motions to Dismiss filed by Defendants Antonio Sanchez, Reimundo Atesiano and the Village of Biscayne Park (DE # 37).  In that Order, the Court dismissed Count III Abuse of Process against Officer Atesiano and Captain Sanchez, denied the Village's

2

Motion to Dismiss as Moot as to Counts II and III, but granted the Village's Motion to Dismiss Count IV. The Court also Dismissed Count V for violations of the Plaintiff's Constitutional Rights but granted the Plaintiff leave to replead that Count within ten days. Finally, the Court *sua sponte* dismissed Count VI and VII against Defendant Canellis finding that the Court had no subject matter jurisdiction over the state-based breach of contract and unjust enrichment claim because those claims arose from a separate nucleus of operative facts than the alleged wrongful arrest that formed the basis for the Plaintiff's federal claims.

On February 19, 2010, the Plaintiff filed a Second Amended Complaint alleging, *inter alia*, Malicious Prosecution, False Arrest/Imprisonment and Abuse of Process against the Defendant Officers and Canellis (Counts I, II & III) (DE # 38). Defendant Canellis then filed a Motion to Dismiss the Second Amended Complaint which is pending before the Court (DE # 42).

The Plaintiff then filed the instant Motions to Compel against Defendant Canellis and the Village of Biscayne Park which were heard by the undersigned at a hearing on April 26, 2010. During the hearing, the undersigned ruled on the Motions. This Order incorporates and sets forth the rulings made at that hearing.

II. **ANALYSIS**

A. **Motion to Compel Discovery  (DE # 63)**

In this Motion to Compel, the Plaintiff requested that the Village of Biscayne Park be compelled to provide responses to the Plaintiff's First Request for Production of Documents, which the Plaintiff contended were served on the Village on December 1, 2009. According to the Motion, on March 12, 2010, the Village informed the Plaintiff that it had never received the Request for Production, but indicated that it would respond to

3

the Request within thirty days from March 15, 2010.  However, as of April 22, 2010, the date that the Plaintiff filed the Motion to Compel, the Plaintiff had not received the Village's responses or objections to the Request.

At the hearing on the Motion, Counsel for the Village advised the Court that the Plaintiff and the Village had conferred prior to the hearing and had reached an agreement as to the Village's responses to the Plaintiff's Request for Production. Plaintiff's Counsel thereafter advised the Court that the Motion to Compel the Village's responses should therefore be denied as moot.

B.    Motion to Compel (DE # 61)

The Plaintiff also filed a Motion to Compel seeking to compel the deposition of Defendant Ruhama Bune Canellis, who Plaintiff alleged instigated and conspired with Defendant Antonio Sanchez to falsely arrest the Plaintiff.  According to the Motion, Plaintiff had previously requested several times that Defendant Canellis be made available for a deposition, and each time Defendant Canellis indicated that she would like to defer her deposition until after the motion to dismiss had been resolved by the Court.  The Plaintiff states that eventually he unilaterally set the deposition for Defendant Canellis for April 14, 2010.  On March 31, 2010, Defendant Canellis notified the Plaintiff that she would be out of town on the date of her scheduled deposition and that she would be filing a motion for protective order seeking to postpone her deposition until the pending motion to dismiss had been resolved by the Court.  Thus, the Plaintiff sought to compel the deposition of Defendant Canellis within two weeks, and argued that a motion to dismiss does not stay discovery.

In addition, the Plaintiff requested that two other witnesses listed in Defendant Canellis' responses to interrogatories, Marco Alcaya and Olga J. Najarro, be produced

4

for deposition within the next two weeks.  In the alternative, the Plaintiff requested that Defendant Canellis provide the current address for those two witnesses so that the Plaintiff could compel their attendance at a deposition through a subpoena.

Defendant Canellis filed a Response to the Motion to Compel, wherein Canellis also moves for a Protective Order regarding the discovery that Plaintiff requested or, in the alternative moved for a stay of discovery until the Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint was ruled on by the Court (DE # 65).  Defendant Canellis asserted that the Motion to Dismiss the Second Amended Complaint would render the Plaintiff's discovery requests moot and further contended that the Plaintiff only sought to depose Defendant Canellis for purposes of harassment.

At the hearing, Defendant Canellis again asserted that because she filed a motion seeking to stay discovery until her pending Motion to Dismiss was resolved, that the Plaintiff's Motion to Compel her deposition should be denied.

However, as made clear at the hearing, although Defendant Canellis had filed a Motion to Stay Discovery, the order of reference related to the discovery issues did not permit the undersigned to rule on motions that altered the dates set forth in the scheduling order.  As such, Defendant Canellis' Motion to Stay Discovery was deferred and remains to be determined by the Honorable K. Michael Moore, the presiding District Judge in this matter, rather than the undersigned.

That notwithstanding, it was undisputed at the hearing by Defendant Canellis that generally a motion to dismiss does not stay discovery.  Defendant Canellis did not offer any reason, other than her assertion that she was likely to succeed on her Motion to Dismiss, for not allowing the Plaintiff to take Ms. Canellis' deposition as a party to this action.  In addition, as pointed out by the Plaintiff, even if Ms. Canellis were dismissed

from this action, Plaintiff could seek to take her deposition as a material witness based upon Plaintiff's theory of the case.

Moreover, the instant action was removed to this Court on September 30, 2009, and pursuant to the Court's scheduling Order (DE # 18) discovery must be completed seventy days before the August 16, 2010 trial date, on June 7, 2010.  As such, because there is no order staying discovery in this matter, in order to ensure that discovery was timely completed, the undersigned ruled that Defendant Canellis be made available for her deposition as soon as practicable.  Thus, as ruled at the hearing, Plaintiff's Motion to Compel the deposition of Ms. Canellis is granted.  The Parties were ordered to agree upon a date for Ms. Canellis to be deposed within two weeks from the date of the hearing.  The undersigned additionally directed that if the Parties could not agree on a date, that the deposition would be held on Monday, May 10, 2010 at 10:30 a.m.

In addition, at the hearing, the undersigned ordered Defendant Canellis to provide the correct addresses for the two witnesses identified in Plaintiff's Motion, by the close of business on Thursday, April 29, 2010.

C.     **Plaintiff's Motion to Compel Discovery (DE # 62)**

1. *Interrogatory No. 6:*

Plaintiff also filed a Motion to Compel, the Plaintiff seeking to compel responses to certain discovery requests propounded by the Plaintiff on Defendant Ruhama Bune Canellis.  Specifically, the Plaintiff requested that Defendant Canellis provide a response to the following Interrogatory:

**Interrogatory No 6:**

Please state the time, date and place which you became romantically involved with Father Alberto Cutie.

6

Defendant Canellis objected to this request as irrelevant and not seeking information which leads to the discovery of admissible evidence.

At the hearing, the Plaintiff argued that the information sought in Interrogatory No: 6 was relevant because the relationship between Defendant Canellis and Father Cutie is central to Plaintiff's allegations that his false arrest and imprisonment were committed in an effort to silence him regarding the relationship between Ms. Canellis and Father Cutie.

Conversely, Defendant Canellis argued that the information sought in Interrogatory No. 1 was requested only to cause embarrassment to Ms. Canellis. In addition, Defendant Canellis argued that the information regarding any involvement between Defendant Canellis and Father Cutie had been publicly disclosed prior to the Plaintiff's arrest, and thus when and where any alleged involvement between the two was simply irrelevant.

As stated at the hearing by the undersigned, the information sought may well be relevant to the Plaintiff's claims that he was falsely arrested because he knew of the details of the alleged relationship between Defendant Canellis and Father Cutie. Thus, if the information known by the Plaintiff contradicted the information that was publicly disclosed by Father Cutie and Ms. Canellis, that discrepancy could support the Plaintiff's claim that the Defendants had a motive for falsely arresting him. Nevertheless, the Plaintiff's request as written, is ambiguous as to the meaning of the word "place", and thus as ordered at the hearing, Interrogatory No. 6, is modified as follows:

> **Interrogatory No 6:**
>
> **Please state the time, date and city in which you became romantically involved with Father Alberto Cutie.**

7

The Defendant shall provide a response to the Plaintiff's Interrogatory No. 6 as modified, at least, twenty-four hours prior to Defendant Canellis' scheduled deposition.  Defendant Canellis may provide a narrative response if she is unable to provide an exact time and date.

### 2.  Request for Production No. 1:

Also, in the Motion to Compel, the Plaintiff sought to compel the production of documents responsive to the following Request for Production:

> **Request for Production No. 1:**
>
> **A copy of all invoices, statements, records, log or any and all other documents concerning, pertaining to or reflecting any and all communication, telecommunication, radio, cell phone, Nextel or any and all other  communication services or devises provided to or use by you, including by not limited to AT &T (Bell South) and METRO OCS (sic) for the year 2009.**

Defendant Canellis objected to this request as irrelevant and not seeking information which leads to the discovery of admissible evidence.

At the hearing, the Plaintiff argued that the information sought in Request for Production No. 1 was central to the Plaintiff's theory that Defendant Canellis and Detective Sanchez conspired to falsely arrest the Plaintiff.  As such, Plaintiff argued that Defendant's Canellis' telephone records may reflect when and for what duration Defendants Canellis and Sanchez communicated related to the false arrest and thus are relevant.

In Response, Defendant Canellis maintained her position that the requested discovery was not relevant to this action.

As stated at the hearing, the undersigned agrees with the Plaintiff.  The

information sought in Request for Production No. 1 is potentially relevant to the extent it reflects communications between Defendants Sanchez and Canellis around the time that the Plaintiff alleges that the two conspired to falsely arrest him.  However, the request as written is overly broad.  Thus, as ordered at the hearing, Defendant Canellis shall provide, prior to Ms. Canellis' deposition, documents responsive to the Plaintiff's Request for Production 1, which is modified, as follows:

> **Request for Production 1:**
>
> A copy of all invoices, statements, records, log or any and all other documents concerning, pertaining to or reflecting any and all communications, telecommunication, radio, cell phone, Nextel or any and all other communication services or devises provided to or use by Defendant Canellis with the Biscayne Park Police Department and Captain Sanchez including by not limited to AT &T (Bell South) and METRO PCS between May 2009 and June 6, 2009, the date of the Plaintiff's arrest.

In addition, as ordered at the hearing, Counsel for Defendant Sanchez must be prepared to provide the telephone numbers for Defendant Sanchez to the Plaintiff within three days of a formal request from the Plaintiff.  However, if the telephone number provided for Defendant Sanchez is a private cell or residential telephone number, that number shall not be disclosed outside of this litigation and shall not be recited in any documents filed in this matter that are viewable by the public.

  **D.    Defendant Ruhama Bune Canellis' Motion for Protective Order or, in the alternative, Motion to Stay Discovery (DE # 65)**

  Finally, consistent with the above-analysis and as ordered at the hearing, Defendant Canellis' Motion for protective order is DENIED.  Defendant Canellis must make Ruhama Bune Canellis available for deposition on or before May 10, 2010.

  In addition, Defendant Canellis must respond to the Plaintiff's Interrogatory No. 6

and Request for Production No. 1, as modified and set forth in the preceding section. The undersigned defers the ruling on the Motion to Stay Discovery to the Honorable K. Michael Moore for resolution.

III. <u>CONCLUSION</u>

Therefore, based upon the foregoing, it is

**ORDERED AND ADJUDGED** that is Plaintiff's Motion to Compel Discovery from Defendant Ruhama Bune Canellis (DE # 61) is **GRANTED.** Defendant Ruhama Bune Canellis shall be made available to Plaintiff for a deposition at a mutually convenient time and place.  If the Parties are unable to agree, the deposition of Ms. Canellis shall proceed on or Monday, May 10, 2010 at 10:30 a.m.  In addition, the Defendant Ruhama Bune Canellis shall provide the addresses for the named witnesses as requested by the Plaintiff as set forth above in this Order by the close of business on Tuesday, April 27, 2010, *nunc pro tunc.*

It is further

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel (DE # 63) discovery responses from Defendant Ruhama Bune Canellis is **GRANTED, in part**.  The Defendant Canellis must provide a response to Plaintiff's Interrogatory No. 6 and a response to Plaintiff's First Request for Production No. 1, as modified, at least twenty-four hours before Defendant Ruhama Bune Canellis' deposition.

It is further

**ORDERED AND ADJUDGED** Defendant Ruhama Bune Canellis' (DE # 65) Motion for Protective Order is **DENIED**.

It is further

10

**ORDERED AND ADJUDGED** Defendant Ruhama Bune Canellis' (DE # 65)

Motion to Stay Discovery is **DEFERRED**, to be ruled on the Honorable K. Michael Moore.

It is further

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel (DE # 63)

responses to the Plaintiff's First Request for Production of Documents directed at the

Village of Biscayne Bay is **DENIED, as moot.**

**DONE AND ORDERED** in chambers in Miami, Florida on May 5, 2010.

_Andrea M. Simonton_

_____
**ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE**

Copies furnished via CM/ECF to:
The Honorable K. Michael Moore
     United States District Judge
All counsel of record

11